FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

OCT 18 2006

ARLEN B. COYLE, CLERK
By_____
Deputy

WORLDWIDE INNOVATIONS &
TECHNOLOGIES, INC. and
ANGIO SYSTEMS, INC.                                              PLAINTIFFS

VS.                                CIVIL ACTION NO.: 1:06CV285-MD

MICROTEK MEDICAL, INC. and
AADCO MEDICAL, INC.                                              DEFENDANTS

## COMPLAINT FOR PATENT INFRINGEMENT & TRADEMARK INFRINGEMENT

Plaintiffs for their Complaint against Defendants Microtek Medical, Inc. ("Microtek") and Aadco Medical, Inc. ("Aadco") aver upon knowledge as to its own status and acts, and upon information and belief as to all other matters, as follows:

### JURISDICTION

1. Claims in this action arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, from defendants' direct infringement, contributory infringement and/or inducement of infringement of U.S. Patent 4,938,233 ("'233 patent") relating to shielding and absorbing radiation in a variety of applications. Plaintiffs seek damages for such infringement together with a permanent injunction restraining defendants from further infringement.

2. Additional claims against Defendant Microtek in this action arise under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, from defendant's trademark dilution and trademark infringement of Plaintiff Worldwide's RADPAD trademark (Reg. No. 2,219,950) relating to x-ray protection accessories for medical use in International Class 9.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 (a).

4.  Venue is proper in this District pursuant to 28 U.S.C. §§1391 and 1400(b).

5.  This Court has personal jurisdiction over defendants because defendants use, offer for sale in commerce, sell and induce others to use and sell radiation shielding products in this district that infringe the '233 patent and Defendant Microtek does so in a manner that violates plaintiffs' trademark rights.

## PARTIES

6.  Plaintiff Worldwide Innovations & Technologies, Inc. ("Worldwide") is a corporation of Kansas having a principal place of business at 5708 W. 86th Terrace, Overland Park, Kansas 66207. Worldwide is the owner of all right, title and interest in the '233 patent and the RADPAD trademark, registration number 2,219,950.

7.  Plaintiff Angio Systems, Inc. ("Angio Systems") is a corporation of Georgia having a principal place of business at 7 Hopkins Place, Ducktown, Tennessee 37326. Angio Systems is the exclusive licensee of the '233 patent with rights to manufacture products under the patent; furthermore, Angio Systems has the exclusive right to manufacture RADPAD products.

8.  Defendant Microtek is a corporation of the State of Delaware having its principal place of business at 512 Lehmberg Road, Columbus, Mississippi 39702.

9.  Defendant Aadco is a corporation of the State of Vermont having its principal place of business at Catamount Commercial Park, Rt. 66, P.O. Box 410, Randolph, Vermont 05060.

10. Defendants' use, offer for sale, sell and/or induce others to use and sell radiation shielding and absorption products in this district that infringe the '233 patent and infringe and dilute Plaintiff Worldwide's RADPAD trademark.

## BACKGROUND

11. Defendants are infringing the '233 patent by using, selling and/or offering to sell and inducing others to use and sell radiation shielding and absorption products including, but not limited to, Microtek's RadBarrier and Aadco's X-Drape, both with similar functionality related to the '233 patent, within the United States and without Plaintiffs' permission.

12. Defendants have had notice of the '233 patent. Defendants' infringement of the claims of the '233 patent is and has been willful.

13. Microtek has used the name "RADBarrier" for at least one of its products that infringes the '233 patent. The use of such name also violates plaintiffs' rights to and under the RADPAD trademark. Such violation was undertaken with full knowledge of the RADPAD trademark and no reasonable basis to believe that RADBarrier did not violate plaintiffs' rights under the RADPAD trademark.

## COUNT I – PATENT INFRINGEMENT

14. Paragraphs 1 through 13 are incorporated herein by reference.

15. Plaintiffs have the right to bring legal action to recover damages for infringement of the '233 patent.

16. Defendants' use, sell and/or offer to sell, within the United States and within this judicial district and without plaintiffs' permission, products that infringe directly or indirectly or induce infringement of the '233 patent.

17. As a direct result of defendants' acts, plaintiffs have been and are being irreparably damaged.

18. Microtek had notice of the '233 patent owned by Worldwide prior to producing and/or selling its own infringing product called RADBarrier.

19. Aadco had notice of the '233 patent owned by Worldwide prior to producing and/or selling its own infringing product called X-Drape.

20. Defendants have not had, nor do they presently have, a reasonable basis for believing that they have the right to engage in the acts of patent infringement complained of herein, and defendants' past and ongoing infringement is willful and deliberate, making this an exceptional case and justifying the award of treble damages pursuant to 35 U.S.C. § 285.

21. Unless enjoined by this Court, defendants will continue to infringe the '233 patent, thereby irreparably harming both plaintiffs.

## COUNT II – TRADEMARK INFRINGEMENT AND/OR DILUTION

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. Plaintiffs have the right to bring legal action to recover damages for infringement of the RADPAD trademark.

24. Defendant Microtek's acts described herein, including its use in commerce of marks that are confusingly similar to the RADPAD mark, are likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Microtek's goods. Further, Microtek's acts described herein constitute false representations of fact that are also likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Microtek's goods.

25. As a consequence of Microtek's violations, plaintiffs are entitled to an injunction as stated below, an order of destruction of all of Microtek's infringing materials, damages, an award of Microtek's profits, and plaintiffs' costs of this action. Moreover, because this is an

exceptional case, involving intentional and willful misconduct by Microtek, plaintiffs are entitled to recover treble damages, treble profits, and attorneys' fees against Microtek.

**WHEREFORE,** Plaintiffs respectfully pray for a Judgment:

    A. Awarding to plaintiffs compensatory damages resulting from defendants' infringement of Worldwide's '233 patent;

    B. Trebling any and all damages awarded for defendants' infringement of the '233 patent;

    C. Preliminarily and permanently enjoining defendants and their subsidiaries, parents and affiliated companies, successors, assigns, officers, directors, employees, servants, agents, and others acting in concert therewith from infringing the '233 patent;

    D. Awarding the plaintiffs' interest and costs;

    E. Awarding the plaintiffs' reasonable attorney's fees and costs of the litigation;

    F. Permanently enjoining Defendant Microtek and its subsidiaries, parent and affiliated companies, successors, assigns, officers, directors, employees, servants, agents, and others acting in concert therewith from using the RADBarrier mark and name;

    G. Requiring Defendant Microtek and all others holding by, through or under them, to deliver up for destruction all products, labels, signs, prints, packages, wrappers and any other presentations of information in their possession or control bearing the RADBarrier or similar trademarks, and require Microtek and all others enjoined in this action, jointly and severally, to file with the Court and serve on Worldwide an affidavit setting forth in detail the manner and form in which they have complied with the terms of the RADBarrier injunction;

    H. Awarding to plaintiffs treble the amount of all profits derived by Microtek as a result of the trademark violations alleged in this action;

I. Awarding to plaintiffs treble the amount of all damages incurred by plaintiffs by reason of Microtek's trademark violations alleged in this action; and

J. Awarding such other and further relief in favor of plaintiffs as this Court deems just and proper.

**RESPECTFULLY SUBMITTED**, the 18th day of October, 2006

    Worldwide and Angio Systems
    By Counsel:

    B. Wayne Williams, MSB # 9769
    J. Wayne Doss, MSB #100530
    Webb, Sanders & Williams, P.L.L.C.
    363 North Broadway
    Post Office Box 496
    Tupelo, MS 38802
    (662) 844-2137
    (662) 842-3863
    Counsel for Plaintiffs
    BY: _____
        B. Wayne Williams

    Kenneth T. Cuccinelli VSB # 39490
    Cuccinelli & Day, PLLC
    10560 Main Street, Ste. LL-17
    Fairfax, VA 22030
    (703) 268-5600
    (703) 268-5602 facsimile
    Counsel for Plaintiffs