# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

| | |
|---|---|
| **WORLDWIDE INNOVATIONS & TECHNOLOGIES, INC.** and **ANGIO SYSTEMS, INC.** | **PLAINTIFFS** |
| **VERSUS** | **NO. 1:06CV285-M-D** |
| **MICROTEK MEDICAL, INC.** and **AADCO MEDICAL, INC.** | **DEFENDANTS** |

## ORDER

This cause comes before the court on the motion of defendants Microtek Medical, Inc. ("Microtek") and AADCO Medical Inc. ("Aadco") for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiffs Worldwide Innovations & Technologies, Inc. ("Worldwide") and Angio Systems, Inc. ("Angio") have responded in opposition to the motion, and the court, having considered the oral arguments and briefs submitted by the parties, is now prepared to rule.

This is, *inter alia*, a patent infringement case arising out of U.S. Patent No. 4,938,233 ("the 233 patent" or "the patent"), which claims various types of radiation shielding materials to be placed on either patients or "articles," such as during x-ray procedures. The radiation shields claimed by the 233 patent are all designed to prevent "scatter" radiation, including from x-rays reflecting off patients or articles being x-rayed. William W. Orrison, Jr. is listed as the inventor of the 233 patent, which became effective on July 3, 1990. Plaintiff Worldwide, a privately-held Kansas corporation, is the patentee and exclusive owner of the 233 patent, and it began manufacturing the "RADPAD" radiation shield at some point after its incorporation in 1992. The RADPAD is Worldwide's primary product, accounting for over 99% of its sales.

In its complaint, Worldwide alleges that defendant Microtek infringed upon the 233 patent by manufacturing and distributing the competing "RADbarrier" radiation shield. The parties' briefs and arguments have focused primarily upon Microtek, but the complaint also alleges that defendant Aadco infringed upon the 233 patent by manufacturing and distributing its "X-Drape" radiation shield. On August 30, 2007, this court heard oral arguments from attorneys for Microtek and Worldwide regarding defendants' summary judgment motion. Microtek has characterized this motion as seeking complete summary judgment, but Worldwide correctly notes that the instant motion for summary judgment relates only to claim 1 of the 233 patent, along with dependent claims 10-12 thereof. Claim 1 of the 233 Patent recites the following:

> 1. A flexible shield for covering an article and attenuating the flux of electromagnetic radiation to or from said article, comprising a polymeric matrix charged with an attenuating filler, said shield having a transmission attenuation factor of at least 50% of a primary 100 kVp x-ray beam, a durometer of less than about 100 Shore "OO" and a coefficient of sliding friction relative to said article of at least 0.15.

At the August 30 hearing, Worldwide noted that it alleges infringement of claim 21 of the 233 patent as well, and the complaint also asserts various trademark claims, the status of which is unclear to this court. It is thus appears that the present motion is, as stated by plaintiff, only one for partial summary judgment.

Microtek has represented to this court that, at this juncture, it is seeking summary judgment based solely upon non-infringement arguments and arguments that claim 1 of the 233 patent was invalid due to indefiniteness. Microtek has reserved the right, however, to subsequently file a separate summary judgment motion alleging that the 233 patent is invalid based on pre-existing prior art. Defendant conceded, however, that the question of invalidity

based on prior art involves a more fact-intensive inquiry as to which discovery was not yet complete. In spite of this representation, the first portion of Microtek's oral presentation did include substantial arguments relating to its contention that claim 1 of the 233 patent actually represented no new invention. However, given defendant's representation that it does not presently seek summary judgment based upon invalidity due to prior art arguments, this court puts its concerns regarding these arguments out of its mind and considers solely the summary judgment arguments which were raised by defendant.

In seeking summary judgment, Microtek first alleges that there is no genuine issue of fact regarding whether it infringed upon the 233 patent. The determination of infringement is a two-step process. First, the court must construe the claims at issue. Claim construction is a question of law for the court. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 385 (1996); *Novartis Pharms. Corp. v. Eon Labs Mfg., Inc.*, 363 F.3d 1306, 1308 (Fed. Cir. 2004). Second, the patentee must prove that <u>every</u> limitation of the properly construed claims is present in the accused device or process. *See Novartis Pharms.*, 363 F.3d at 1308; *Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1330 (Fed. Cir. 2001) Disputes over claim construction are issues of law, properly determined on summary judgment. *See, e.g., Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 1387 (Fed. Cir. 1992). Claim terms are generally given their ordinary and customary meaning to a person of ordinary skill in the relevant art at the time of the invention. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc), *cert. denied*, 126 S.Ct. 1332 (2006).[1]

---

[1] The Federal Circuit has repeatedly cautioned, however, that the ordinary meaning of claim terms must be viewed in light of the intrinsic record, particularly the specification and prosecution history. *See, e.g., id.* at 1313 and 1315-17; *Medrad, Inc. v. MRI Devices Corp.*, 401

3

Microtek argues that, properly construed, the language of the 233 patent supports a conclusion that its RADBarrier shield did not infringe upon the 233 patent. In so arguing, defendant emphasizes that claim 1 only covers radiation shields to be placed on "articles," which term, it argues, does not include people. The court agrees. In so concluding, the court would concede that this argument originally struck it as being somewhat hyper-technical in nature. Worldwide correctly notes that, throughout the patent specification, it is clear that the primary use of the invention is in radiological medical procedures performed on human patients. Indeed, the patent specifications contain numerous drawing sheets which depict various radiation shields which clearly appear to be designed to fit the human body. While the primary use of the 233 patent thus clearly seems to be for shields to be used on human beings, the court would emphasize that the patent contains 27 dependent and independent claims. In the court's view, it is far from unreasonable to conclude that one or more of those claims might relate only to radiation shields for inanimate objects.

The fact that the 233 patent envisioned use on inanimate objects is highlighted by the following language in the patent's specifications:

> Thus, the radiation shield of the present invention is adaptable to such diverse applications as covering a patient and/or health care practitioner (or selected anatomical regions thereof) during a medical procedure *or shielding a radiation [sic] such as a vial or canister or radionuclides*.

Thus, the patent clearly envisions that it may be placed on inanimate objects such as "vials and canisters" and, accordingly, it is far from irrational to conclude that one or more of the 27 claims

---

F.3d 1313, 1319 (Fed. Cir. 2005). The specification is always highly relevant to claim construction: "Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Phillips*, 415 F.3d at 1315. It should be apparent that this standard leaves little room for evidence of extrinsic evidence, including subjective knowledge on the part of defendant.

of the patent might, in fact, be limited to such objects.

Considered in this light, the most logical interpretation of the term "article" in claim 1 is its customary interpretation in the English language referring to something other than a human being. This conclusion is greatly strengthened by language in the patent which states that:

> The present invention relates, generally, to a radiation shield and, more especially, to a radiation shield for shrouding or otherwise covering an *article or person* and attenuating the flux of electromagnetic radiation across the shield relative to a radiation source.

In the court's view, this language clearly supports a conclusion that the term "article" used in claim 1 is intended to refer to something other than a human being. Any argument that the language quoted above merely constitutes an unfortunate misstatement is negated by the fact that, as noted in Microtek's brief, the patent specifications *repeatedly* distinguish between "articles" and "bod[ies]," "patient[s] and "person[s]." For example, the patent makes reference to "a flexible shield for protecting an article or body," "the article or patient to be protected," and it notes that the "shield, when applied to a patient's body or an article (e.g. a table), not only conforms closely with any topical irregularities but has a sufficiently high coefficient of friction that it cannot be easily dislodged or moved." Thus, the patent itself clearly distinguishes between "articles" and human beings and, lest there be any doubt regarding the proper construction of the term, the patent offers a "table" as an example of an article.

The conclusion that claim 1 does not encompass shields to be placed on human beings is also strengthened by the language of claim 21 of the patent, which covers a "disposable radiological garment to be worn or selectively draped about a patient." Thus, the 233 patent was clearly able to specify when a particular claim was intended to cover shields to be placed on

human beings, and the court can therefore only conclude that claim 1 is limited, on its face, to "articles." Having closely reviewed the patent in this case, it becomes clear that defendant's arguments are not hyper-technical, but, rather, constitute the proper legal construction of claim 1 of the 233 patent. In light of the foregoing, the court concludes that claim 1 only covers radiation shields to be used on "articles," and that, within the context of the 233 patent, the term "article" does not encompass human beings. It is undisputed that the radiation shields manufactured by defendants Microtek and Aadco were designed for use on human beings, and the court therefore concludes that defendants are entitled to summary judgment as to any infringement claims relating to claim 1 of the 233 patent.

The court would also note that, even assuming, purely *arguendo*, that the term "article" in claim 1 does encompass human beings, the claim would still fail due to indefiniteness. The claims of a patent must be definite, and a claim is considered indefinite if it does not reasonably apprise those skilled in the art of its scope. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384-85 (Fed. Cir. 2005). As noted by Microtek, the coefficient of friction is properly determined by reference to one object placed upon another. Obviously, the coefficient of friction would be greater if a radiation shield were placed upon sandpaper than if it were placed upon a slick surface. Even if the court were to assume *arguendo* that the term "article" in claim 1 does encompass human beings, it clearly is not *limited* to human beings, and, accordingly, the claim's reference to a stated coefficient of friction is indefinite without specifying upon which "article" the object is to be placed. The court therefore agrees with defendant that claim 1 of the 233 patent is invalid based upon indefiniteness, even assuming that the term "article" used in claim 1

encompasses human beings.[2] Accordingly, it is apparent that neither defendant in this case may be held liable for infringing upon claim 1 of the 233 patent, and their motions for summary judgment are therefore due to be granted as to this claim.

In light of the foregoing, it is ordered that defendants' motion [31] for partial summary judgment is granted as to any claims arising from claim 1 of the 233 patent.

So ordered, the 17th day of September, 2007.

                    **/s/ Michael P. Mills**
                    **CHIEF JUDGE**
                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] Indeed, defendant noted at the hearing that the European Patent Office rejected the claim at issue herein based on indefiniteness concerns.